Ruffin, C. J.
 

 Without the admission on the part of the defendant, that there was no actual fraud intended in the execution of the deed, the Court would hold the judgment to be erroneous. It is exceedingly difficult to find fraud, as a matter of law, unless it be so plain and express in the deed, as to constitute fraud in itself, without any inference of one fact from another, and thus appear so distinctly, as to admit of no explanation from extraneous circumstances. Where the conveyance is in trust for the maker, merely, or, upon no valuable consideration, in trust for his family, it has always been considered as constituting fraud ; thus incapable of explanation.
 
 Slurdevant
 
 v.
 
 Davis, 9
 
 Ire. 365. But where the provisions are, in the nature or under the circumstances of the particular case, equivocal, that is, may have been introduced for bad or good ends, taken as a whole, then the law cannot justly infer the dishonest intent, in order to 'avoid the instrument, but ought rather to presume good faith.' Hence in such cases, the actual intent is a subject of enquiry by a jury and not of decision by the conrt.
 
 Cannon
 
 v.
 
 Peebles,
 
 4 Ire. 204. It is argued, however, upon this deed, that it reserves to the debtor, himself the management and power of disposition of the property for nearly a year, and also that one of the trusts is for his ,own support and that of his family for the same period ; and that the provisions establish a fraud. It may be yielded, that those parts of the deed afford just grounds of suspicion, but, certainly, they are not conclusive, of an intent to the prejudice of the creditors in the actual state of things, and, under which the deed would appear to have been made. A man, justly indebted beyond the value of his property, and indeed, in very large sums as stated in the deed, finds himself unable to meet his en
 
 *351
 
 gagements and go on with his business, and makes an assignment of every thing he has on earth — not reserving even the lawful allowance to insolvent debtors; and the principal part of the effects conveyed consists of a steam cotton factory and stock of cotton and wood. Now every one must know several things concerning such property in this part of the world — that its value is materially impaired by suspending its operations, and that there are but few persons among us, with skill and experience lor its judicious management : and particularly, that there is no ready sale for such establishments, and a forced, public and immediate sale could, probably.be only made at a great, sacrifice. Therefore, it may have been with no intent to his own benefit, or to reserve to himself any wrong power, but with an eye single to the interest of his creditors in the mass, that the debtor here deferred the period, at which the sale should be made publicly, at all events for eleven months, and provided for fair sales in the meanwhile by private contract. He does not reserve that power to himself. That is not the fair construction •of the deed. It is legally vested in the trustee by virtue of his estate, and the debtor was to act as "the agent of the trustee,” and subject, therefore, to his approval of the contracts and receipt of the price got. It may have been, rather a stipulation for services by the debtor, than the reservation of a privilege or dangerous power for him. For, as he had conducted the business of the factory and a profit might result from working up the stock on hand, and other competent managers might not be readily procured hereabouts, it might have been important to the proper care and disposition of the trust fund, that this person should attend to the factory or seek purchasers either at home or abroad, and preserve and show the property. II those were the purposes of the agency to be performed by McNeilv, they were beneficial, not to him, but to his creditors, to whom alone the fund belonged.— That they were, is rendered probable by the considera
 
 *352
 
 tion, that there is no allegation, that the debts were in judgment or even suit; and hence, it would have been almost entirely in the power of the debtor, if that had been his object, to have retained the possession and use of all the property for nearly that period
 
 by
 
 pleading
 
 to
 
 suits brought against him. As that provision, might, then, have been innocent, it must be so taken — as fraud is not to be presumed. Thus regarding that part of the deed, it affords evidence rebutting, or tending to rebut, the presumption of fraud, arising out of the provision in the conclusion of the deed for the support of the debtor’s family out of the property. That provision,
 
 simpliciler,
 
 is undoubtedly fraudulent. But it is not, in this case, an isolated stipulation, by which a benefit is secured to the debtor in spite of the creditors, and without just compensation to them therefor. The support
 
 of the family is to
 
 be for the Same period, for which the debtor was to serve the trustee, and it may be fairly concluded, that the former was in remuneration for the service. We are not informed, what were McNeily’s qualifications for the business, nor what would be fair wages for him, nor the amount required for their support; and, if we were, the Court could not pass upon their weight, as they belong, important as these circumstances are, to the jury exclusively. It is apparent, therefore, that the questions, on which the validity of the deed depends, are questions of actual intent, and that the provisions of the deed,
 
 by
 
 itself, do not enable the Court to pronounce against it, but are proper for the jury in connexion with such facts
 
 dehors,
 
 as the parties may be able to adduce. If, however, that were otherwise, the admissions in the case, of the value of the property, the justice of the debts and that there was no actual fraud intended, are conclusive for the plaintiff.
 
 Hardy v. Skinner,
 
 9 Ire. 191.
 

 Ter Curiam. Judgment reversed and judgment upon the verdict for the plaintiff according to the agreement.